## LEWIS *v.* PRATT.

### *Practice.*

The court is never justified in directing a verdict on the ground of variance between the proof and the declaration, when there is any evidence in the case that has a tendency to prove the facts stated in the declaration that are essential to the right of recovery, and from which the jury might find the facts as alleged. The plaintiff has the right, in such case, to have the facts submitted to the jury.

CASE for deceit in the sale of a patent-right for a self-lighting lamp, for Rutland county. Plea, the general issue, and trial by jury, September Term, 1874, WHEELER, J., presiding.

On trial the plaintiff testified that defendant showed him one of the patent lamps, which was made to light itself by means of an inflammable tape worked by a thumbscrew, the tape and burner being patented, and proposed to sell him territorial rights, and told him that his patented arrangement was a good thing; that a child could work it as well as any one; that kerosene would not affect the tape; that it was a perfect-working thing, and could be lighted at any time by turning the thumbscrew; that after these representations, he told the defendant that he would give him $200 for the right for Rutland County; and that defendant executed and delivered to him deeds for that county.

Against objections by defendant, plaintiff further testified that he had a note against one Gilson, for whom he was then at work upon a house, of $90, and another against one Chapman of $90, and that with these two notes and his work, he settled with Gilson for paying the defendant for the right, and allowed Gilson $200 for making that payment. To the decision of the court admitting the evidence, the defendant excepted.

The plaintiff further testified that kerosene would affect the tape so that it would only light occasionally by turning the thumbscrew; that it would not work well, and could not be lighted by turning the thumbscrew except occasionally.

Plaintiff rested his case, and defendant testified that he had talk with plaintiff about selling rights to him, and told him that it was the most perfect thing of the kind known — told him the material used, and that it would ignite and light; that plaintiff said he did not want to buy, and would not buy; that said Gilson afterwards came and proposed to trade, and that he traded to Gilson the rights for Addison and Rutland Counties, for a horse, wagon, and harness; that when they came to making out the deeds, Gilson told him to make out the deeds for Rutland County right to plaintiff, and that this was the first he knew that plaintiff had anything to do with the trade; that he made no other trade with plaintiff or Gilson; that he sold the horse, wagon and harness for $153, and that the patent was as he represented. Defendant introduced further evidence that tended to show that the property he received of Gilson was worth much less than $200; that the patent was as he represented it; and that plaintiff traded with Gilson, and not with him, and rested his case.

Plaintiff then called Gilson as a witness, who testified that he came to his house where plaintiff was at work, and saw plaintiff and defendant talking together there; that plaintiff said to witness that he was making a trade with defendant for a self-lighting lamp, and wanted to know if witness would pay defendant if he made the trade; that witness told defendant he had no money, but had property that he would let him have for plaintiff; that defendant said he had sold all but Addison and Rutland Counties, and would like to close it out; that witness and defendant went and looked at the property he proposed to trade, and witness offered defendant a horse, wagon, and harness, for plaintiff's county, and Addison County he would take himself, and that they closed the trade. On cross-examination he testified that he had nothing to do about plaintiff's trade, only to pay defendant $200 if they could agree on the property.

Plaintiff introduced further testimony as to how these lamps would work.

The defendant requested the court to direct a verdict for defendant, because there was a fatal variance between the declaration and evidence as to the contract—the declaration being, in substance, that plaintiff purchased the right for Rutland County for $200, and the evidence being that defendant sold the right for Addison and Rutland Counties for a horse, wagon, and harness; and, also, because the evidence had no tendency to prove a sale of said patented invention by defendant to plaintiff.

The court refused to direct a verdict as requested, but, among other things, charged the jury that if plaintiff purchased the right of Rutland County of defendant, and Gilson was not a party to that transaction otherwise than that he paid defendant $200 for plaintiff by arrangement between him and defendant, plaintiff had made out this part of the case; but if defendant sold the right of Rutland County to Gilson, and Gilson sold it to the plaintiff, defendant was entitled to a verdict.

To the refusal of the court to direct a verdict as requested, and to the charge upon the second point of the request, the defendant excepted.    Verdict for plaintiff.

*Dunton & Veazey*, for defendant.

*Prout, Simons & Walker*, for plaintiff.

The opinion of the court was delivered by

Royce, J.    The defendant excepted to the refusal of the court to direct a verdict for him on account of a variance between the declaration and evidence, and because the evidence had no tendency to prove a sale of the patented invention described in the declaration by the plaintiff to the defendant.    The court is never justified in directing a verdict on the ground of a variance between the proof and the declaration, when there is any evidence in the case that has a tendency to prove the facts stated in the declaration that are essential to the right of recovery, and from

which the jury might find the facts as alleged.    In this case there was not only such evidence, but it was sufficient in amount, in the judgment of the jury, under instructions from the court that were not excepted to, to justify them in finding such facts proved. This being the case, it would have been error to have complied with the request.

The case shows that there was evidence that had a tendency to show that the sale of the invention described in the declaration was made by the defendant to the plaintiff, and hence it was the right of the plaintiff to have that evidence submitted to the jury.

We do not find any error, and the judgment is affirmed.